TIMOTHY S. CORY, ESQ.  
Nevada Bar No. 1972  
ADAM P. BOWLER, ESQ.  
Nevada Bar No. 8383  
**TIMOTHY S. CORY & ASSOCIATES**  
8831 West Sahara Avenue  
Las Vegas, Nevada 89117  
Telephone (702) 388-1996  
Facsimile (702) 382-7903  
tim.cory@corylaw.us  
adam.bowler@corylaw.us  

Attorneys for the Trustee

E-filed: October 15, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>JEAN MARC EL JWAIDI,<br><br>          Debtor. | Case No. BK-S-09-25181-LBR<br><br>Chapter 7<br><br>**Date: November 17, 2010**<br><br>**Time: 11:00 a.m.** |

### TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

William A. Leonard, the chapter 7 trustee (the "<u>Trustee</u>") of the bankruptcy estate of Jean Marc El Jwaidi ("<u>Debtor</u>"), hereby moves this Honorable Court for an order, pursuant to 11 U.S.C. §522 and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, disallowing certain of the Debtor's claimed exemptions. In support of this Motion, the Trustee respectfully represents as follows:

///

///

///

**POINTS AND AUTHORITIES**

**BACKGROUND**

1. On August 18, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2. William A. Leonard was appointed the chapter 7 panel trustee and continues to act in that capacity.

3. On August 24, 2010, the Bankruptcy Court entered an order (Docket #152) extending the bar date to bring this objection to October 15, 2010.

4. The Debtor has claimed a variety of exemptions under Nevada law on his Amended Schedules.

5. As set forth herein, many of the claimed exemptions are not available to the Debtor, do not contain sufficient information and/or are not allowable under applicable Bankruptcy and non-bankruptcy law.

**LEGAL ARGUMENT**

10. The exemptions found in Section 522(d) of the Bankruptcy Code are not available to debtors in the state of Nevada because it has opted-out of the federal exemptions. See Nev. Rev. Stat. §29.090(3); see also In re: Kane, 336 B.R. 447, 480 (Bankr. D. Nev. 2006). The Debtor is therefore limited to those exemptions as provided under Nevada law, except in special circumstances where the Bankruptcy Code, under BAPCPA, expressly caps or otherwise limits State exemptions.

**A) The Debtor is not entitled to the Real Property exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(m)**

11. Schedule C lists the Debtor's value of the homestead exemption for real property listed at 522 Spruce Canyon Street, Las Vegas, Nevada 89144 (the "Real Property"), as having a value of "[u]nknown".

12. This exemption should not be allowed for a number of reasons.

13. First, the Debtor list two single family residences on Schedule A. It is unknown if the Debtor lives in the Real Property, the other residence as set forth in Schedule A or some other residence.

14. Second, Clark County records show that the Debtor took title to the Real Property on or about March 29, 2007. Section 522(p) of the Bankruptcy Code explicitly caps the amount of the homestead exemption that may be claimed by a debtor at $136,875 if the homestead at issues was acquired within the 1215 day period prior to the filing. Therefore, as the Real Property was not acquired within the 1215 day period, if any exemption is allowed it should be limited as set forth above, and should not be in the amount of "[u]nknown".

15. Lastly, Schedule D shows a Deed of Trust encumbering the Real Property, held by America's Servicing Co., in the amount of $2 million. Schedule D states that this Deed of Trust was recorded in 2005. However, this is inconsistent with the ownership records of the property. If this Deed of Trust is accurate, and the Real Property is worth $4 million, as stated in Schedule A, as much as $2 million of equity may exist in the Real Property. However, because of the inconsistencies and Debtor's listing of "[u]nknown" as the value of the exemption, the Trustee is unable to determine at this time what amount the Debtor believes is exempt.

16. For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Real Property, in the amount of "[u]nknown", should be disallowed.

///

///

**B) The Debtor is not entitled to the Checking, Savings, or Other Financial Accounts, Certificates of Deposit exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(z)**

17.     Schedule C lists a claimed exemption in an account at Nevada State Bank (the "Bank Account"). The exemption claims 100% of the account as exempt, but list the value of the account as "[u]nknown".

18.     NRS 21.090(1)(z) generally allows a debtor to exempt any personal property not otherwise allowed as exempt under another provision of Nevada law, so long as the value of the claimed exemption does not exceed $1,000. Here, it is unknown what the value of the claimed exemption is. In addition, as set forth in a Complaint objecting to the Debtor's discharge (the "Complaint") that the Trustee has filed in this case on this same date, the Trustee has not been able to verify the Debtor's financial information by review of documentary evidence. The Debtor should not be allowed to exempt 100% of an amount held in a certain bank account as of the date of the order for relief without fully disclosing the value of such account.

19.     For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Checking, Savings, or Other Financial Accounts, Certificates of Deposit, in the amount of 100% of "[u]nknown", should be disallowed.

**C) The Debtor is not entitled to the Household Goods and Furnishings exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(b)**

20.     Schedule C lists a claimed exemption in "[m]iscellaneous household goods and furnishing, including…" (the "Household Goods"). This exemption is claimed in the amount of $10,000.

/ / /

4

21.   The Debtor's use of the term "including…" followed by a list of items, implies that other items of household goods exist that have not been enumerated in the list set forth in Schedule C. The Debtor has not provided a complete list of household goods and furnishings to the Trustee so that the trustee may evaluate the value of the property in question. The Debtor's definition of Household Goods states that the $10,000 value is "estimated" and only reflects the Debtors "1/2 interest". Because the list is incomplete and the value is not determined, the Trustee cannot evaluate the value of this claimed exemption based on this information.

22.   In addition, the Debtor appears to be attributing a portion of the household goods to a non-filing spouse. The Debtor has provided no evidence that a non-filing spouse has separate property.

23.   For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Household Goods and Furnishings, in the amount of $10,000, should be disallowed.

**D) The Debtor is not entitled to the Books, Pictures and Other Art Objects; Collectibles exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(a)**

24.   Schedule C lists a claimed exemption in "[m]iscellaneous paintings, statues…" (the "Art"). This exemption is claimed in the amount of $2,000. As with Household Goods, the Debtor again indicates that the exemption amount of $2,000 does not include the equity in the Art attributable to a non-filing spouse. No evidence has been provided to suggest that a non-filing spouse has separate property.

25.   In addition, the Debtor's definition of Art indicates the value is estimated. Because the exemption information is incomplete and the value is not determined, the Trustee cannot evaluate the value of this claimed exemption based on this information.

5

26. For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Books, Pictures and Other Art Objects; Collectibles, in the amount of $2,000, should be disallowed.

**E) The Debtor is not entitled to the Furs and Jewelry exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(a)**

27. Schedule C lists a claimed exemption in Furs and Jewelry in the amounts of $500 and $1,000. Schedule C states that the items include a wedding ring and "[m]iscellaneous jewelry including…" ("Jewelry").

28. The definition of Jewelry indicates that the list is incomplete and that the value is estimated. The Trustee cannot evaluate the value of this claimed exemption based on this information.

26. For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Furs and Jewelry in the amounts of $500 and $1,000 should be disallowed.

**F) The Debtor is not entitled to the Office Equipment, Furnishings and Supplies exemption as claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(d) and the Machinery, Fixtures, Equipment and Supplies Used in Business claimed on Schedule C under Nev. Rev. Stat. § 21.090(1)(d)**

27. Schedule C lists claimed exemptions in Office Equipment, Furnishings and Supplies in the amounts of $5,000 and Machinery, Fixtures, Equipment and Supplies Used in Business in the amount of $5,000, both under NRS 21.090(1)(d).

28. The description of both of the referenced exemptions states that the values are estimated. In addition, no evidence has been presented to the Trustee that the Debtor is conducting business operations that would require the use of the listed items. Therefore the Trustee cannot determine the value of the property claimed exempt based on this information, nor does any exemption in this category appear appropriate.

6

29. For the reasons set forth above, the Trustee believes that the Debtor's claimed exemption in Office Equipment, Furnishings and Supplies in the amount of $5,000 and Machinery, Fixtures, Equipment and Supplies Used in Business in the amount of $5,000 should be disallowed.

## CONCLUSION

30. For the reasons set forth herein, the Trustee request that the claimed exemptions as set forth above be disallowed.

DATED this 15th day of October, 2010.

**TIMOTHY S. CORY & ASSOCIATES**

 /s/ Timothy S. Cory
TIMOTHY S. CORY, ESQ
Nevada Bar No. 1972
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 388-1996
Facsimile (702) 382-7903
tim.cory@corylaw.us
adam.bowler@corylaw.us
Attorneys for Trustee